IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSHUA TEAL,  # 305729,** : | |
| **Plaintiff,** : | |
| vs. : | CIVIL ACTION 20-0172-CG-N |
| **ALABAMA DEPARTMENT** : | |
| **OF CORRECTIONS,** | |
| : | |
| **Defendant.** | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, with leave being granted to file a second amended complaint.

**I. Amended Complaint. (Doc. 8).**

The sole Defendant to this brief complaint is the Alabama Department of Corrections ("ADOC").  (Doc. 8, PageID.4).  Plaintiff alleges that from October 24, 2019 to February, 2020, he was locked in a one-man cell at Holman Correctional Facility in the middle of winter with no heat or air.  (*Id.* at 4-5, PageID.7-8).  When it rained, he ended up with water his cell, all his belongings being soaked, and having to sleep on a wet bed; he says that he effectively lived in a cell that was

constantly being flooded. (*Id.*). Furthermore, he was not allowed his federally mandated one hour of exercise, sunlight, or being able to attend religious services. (*Id.*). And he was forced to shower in cold water that felt like shock-therapy. (*Id.*). For relief, he requests "financial compensation." (*Id.* at 7, PageID.10). Plaintiff has identified no injury that he suffered from these conditions, and he has been transferred to another prison away from these conditions.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 8) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

2

*v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014).  A court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III. Analysis.**

"A successful section 1983 action requires a showing that the conduct

complained of (1) was committed by a *person* acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Defendant ADOC is an arm of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (the Alabama Board of Corrections is a part of the State); *see* ALA. CODE § 14–1–1.1 (ADOC is the successor to the Board of Corrections).

Furthermore, Defendant ADOC cannot be sued in federal court because it has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057–58 (finding that the State of Alabama and the Board of Corrections were entitled to Eleventh Amendment immunity). The Eleventh Amendment's immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies" in the absence of a state's consent. *Id.* at 781, 98 S.Ct. at 3057. The two exceptions to this immunity are if the State has waived its immunity by legislative enactment or if Congress has abrogated the State's immunity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54, 131 S.Ct. 1632, 1637-38, 179 L.Ed.2d 675 (2011); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Alabama has not waived its Eleventh Amendment immunity. *Pugh*, 438 U.S. at 782, 98 S.Ct. at 3057–58 (finding Article I, § 14, of the Alabama Constitution

prohibits Alabama from giving its consent and therefore the State of Alabama was entitled to Eleventh Amendment immunity); *Lancaster v. Monroe Cty., Ala.,* 116 F.3d 1419, 1429 (11th Cir. 1997) (holding Alabama has not waived its Eleventh Amendment immunity), *overruled on other grounds by LeFrere v. Quezada,* 588 F.3d 1317, 1318 (11th Cir. 2009). Nor has Congress in § 1983 cases abrogated a State's Eleventh Amendment immunity. *Carr*, 916 F.2d at 1525 (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); *Selensky v. Ala.,* 619 F. App'x 846, 848-49 (11th Cir. 2015) (same).

Thus, this action against Defendant ADOC is frivolous as a matter of law, and it is due to be dismissed.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

Even though the present (first) amended complaint lacks legal merit, the Eleventh Circuit has held that a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice" where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added) *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*); see *Lee v. Alachua Cty., Fla.,* 461 F. App'x 859, 860 (11th Cir. 2012) (requiring that a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before

dismissing the complaint but recognizing that an amendment will not be allowed if it is futile, that is, if it is subject immediately to dismissal or to summary judgment). Accordingly, it is recommended that Plaintiff be granted this opportunity.

The second amended complaint should be on the Court's complaint form and state a claim with respect to above claims, which necessarily needs to comply with the pleading directives of *Twombly, supra,* and *Iqbal, supra*. If Plaintiff fails to use the court-provided form, the Court will strike the second amended complaint and dismiss this action. The second amended complaint will replace the first amended complaint; therefore, Plaintiff shall not rely on the first amended complaint. The second amended complaint shall contain claims only arising from the incident of which he complained in the first amended complaint and shall contain all of Plaintiff's claims from the incident. It is necessary, in this instance, for Plaintiff to name as Defendants appropriate prison officials who deprived him of his constitutional rights; if Plaintiff fails to name such Defendants, his second amended complaint will fail. Plaintiff must *causally connect* each Defendant to a violation of his constitutional rights. Plaintiff should read the directions contained on the complaint form and complete the complaint form in its entirety. The second amended complaint will be subject to screening pursuant to § 1915(e)(2)(B). The Clerk is **DIRECTED** to send Plaintiff the § 1983 complaint form for his use.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4.  The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** and **ORDERED** this  11th   day of January 2021

                                           /s/ KATHERINE P. NELSON
                                           **UNITED STATES MAGISTRATE JUDGE**